Curia, per

Butler, J.
Both parties were present when the entry was made. The plaintiff stated the terms of the contract in the presence of the defendant, and they were entered in the book accordingly. The terms were specifically *70 set down in writing, by the tacit consent of the defendant, and the express direction of the plaintiff by a third person, in books kept by him for the purpose of transferring property from one person to another, or rather, for entering the terms of contracts on which sales were to be perfected. Such an entry, therefore, must be regarded, at least, as a memorandum in writing; and, if the party to be charged, subsequently refer to it, by letter or other writing, as a contract, he adopts it, and subjects himself to all the liabilities that such a contract would have imposed upon him if he had signed it when first made.
The case of Saunderson vs. Jackson et al. (2 Bos. & Pul. 238,) is full to the point. The plaintiff had bargained with the defendants for some gin which the latter refused to deliver. The plaintiff had received from them the following bill of parcels. “ London.—Bought of Jackson & Hankin, distillers, No. 8, Oxford-street,” (so much in print — then followed, in writing,) “ 1,000 gallons of gin, 1 in 5. Gin 7s. 350l.” About a month after, the defendant wrote this letter. “ Sir: We wish to know what time we shall send a part of your order, and shall be obliged for a little time for the delivery of the remainder.” Lord Eldon, Ch. J. said, “ this bill of parcels, though not the contract itself, may amount to a note or memorandum of the contract within the Statute of Frauds. The single question therefore is, whether, if a man be in the habit of printing instead of writing his name, he may not be said to sign by his printed name as well as his written name. At all events, connecting this bill of parcels with the subsequent letter of the defendants, I think the case is clearly taken out of the Statute of Frauds. For, although it be admitted that the letter, which does not contain the terms of the agreement, would not alone have been sufficient, yet, as the jury have connected it with something that is, and the letter is signed by the defendants, there is then a written note, or memorandum in writing,” &c. The case under consideration *71 cannot in principle be distinguished from the above. On the 20th December, the defendant wrote a letter to the plaintiff, referring to a contract that had been made ; and the jury, by their.finding, have connected it with the memorandum in the books of Elliott & Condy, which sets out the terms of the contract. So that, even allowing that neither the memorandum itself, nor the letter, separately, would have been sufficient, yet they were so when taken together.
Bailey for the motion; Qrimke, contra.
I am, however, far from conceding that the memorandum made by the direction of one party, and acquiesced in by the other, was not sufficient to bind both; but it is unnecessary to go so far to decide the point involved in this case. For authorities upon it, see 4 Bos. & Pul. 252, and 5 Harris & Johnson R. 117.
Motion dismissed;
O’Neall and Earle, JJ. concurring; Gantt, J. dissenting.